# Hannah B. Atkinson *vs.* John M. Atkinson & others.

An assignment of shares in a corporation needs not to be under seal.

If a guardian who holds shares in a corporation, which were issued to him in his official capacity, improperly assigns them to secure a private creditor, who takes them with knowledge of the facts, the guardian's successor in office may maintain a bill in equity to obtain a transfer thereof to himself. But if he assigns other shares, which belong to his ward, but which were issued to him without expressing his official capacity, to one who takes them for value, without notice, his successor cannot maintain a bill in equity to obtain a transfer thereof to himself.

The allowance by a judge of probate of a guardian's account, in which the guardian charged himself with the appraised value of certain shares in a corporation, belonging to his ward, and the recovery of judgment upon his bond for the amount of moneys remaining in his hands at the time of his ceasing to be guardian, are no bar to a bill in equity by his successor to obtain a transfer of the shares, if their value was not included in the judgment; although in a specification of particulars of the plaintiff's demand in the action in which the judgment was recovered, the balance found due by the probate account was claimed as cash in his hands.

BILL IN EQUITY, originally filed by the plaintiff as guardian of Annie N. Atkinson, William B. Atkinson, Lucy E. Atkinson and Harriet A. Atkinson, minors, against John M. Atkinson and the West Amesbury Manufacturing Company, a corporation.

The original bill alleged that John M. Atkinson was formerly the guardian of said minors, and was discharged from that trust on the 21st of October 1856; that the plaintiff was thereupon appointed as his successor, and demanded of him the money, goods and certificates of stock belonging to them; that he then held about $1000 in money, and one certificate of ten shares, and two other certificates of one share each, in the West Amesbury Manufacturing Company, of the par value of fifty dollars each, belonging to them; that he has refused to deliver up the same; that an action had been commenced upon his bond as guardian, which was in the penal sum of $1000, to recover the said money; that the West Amesbury Manufacturing Company refuse to pay over the dividends which have accrued on said shares without the presentment of the certificates by the rightful guardian, whereby a loss is suffered by the plaintiff by having them lie useless in the hands of the corporation; that the plaintiff is remediless at law and cannot obtain the certificates, they being secreted or withheld, so that they cannot be replevied. The bill also prayed for answers by the defendants under oath.

The corporation filed an answer, setting forth that on the 17th of February 1853 they issued a certificate of ten shares of their stock to John M. Atkinson, as guardian of said minors; that on the 14th of June 1854 they issued a certificate of one share to said Atkinson, and on the 20th of October 1855 another certificate of one share to him, without any designation of him as guardian; that the two last named shares were issued by them in good faith, in the form desired by him; that these shares still remain standing upon their books, as above stated; that Joseph Atkinson claims to be the owner of the ten shares, and has presented the certificate thereof to them, assigned to him by John M. Atkinson, and has demanded that the corporation should

issue a new certificate thereof to him ; that George W. Jackman in like manner claims to be the owner of the other two shares, and has demanded certificates thereof; that the plaintiff has also demanded that the corporation should issue new certificates of all of said shares to her as guardian, but did not produce the old certificates and tender them for cancellation, in compliance with an article of their by-laws requiring such production and tender to be made, and providing that certificates of shares may be transferred by an instrument in writing, recorded by the clerk in a book to be kept for that purpose ; and that it is entirely immaterial to the corporation to whom they issue the certificates or pay the dividends, provided it is to the party or parties legally entitled thereto.

The plaintiff thereupon filed supplemental bills, making Joseph Atkinson and George W. Jackman parties to the suit.

The answer of John M. Atkinson set forth that the certificates referred to were duly inventoried by him as the property of his wards ; that he rendered accounts of his guardianship, which were duly allowed in the probate court, in which he was charged with the value of the shares ; that the judge of probate, for the benefit and at the request of the plaintiff, commenced an action upon his bond, in which it was sought to recover the balance due upon this defendant's last account, made as aforesaid ; that judgment was recovered in said action for an amount exceeding the penalty of the bond, and including the value of said shares, which judgment is still outstanding ; and that after the commencement of said action, and to secure the sureties upon his bond, he conveyed the shares to persons who have since been made parties to this suit.

Joseph Atkinson filed an answer, setting forth substantially the same facts stated in the answer of John M. Atkinson. The answer of George W. Jackman set forth that he purchased the two shares assigned to him in good faith, for a valuable consideration, and without notice of any trust attaching to the same.

At the hearing in this court, before *Metcalf,* J., the plaintiff put in evidence the inventory filed in the probate court by John M. Atkinson, of the property of each of said minors, including

in each one undivided fourth part of the shares in question ; his four several accounts, (a separate account being rendered for each of his wards,) in each of which he charged himself with the whole amount of the personal estate, as by the inventory, which accounts were allowed in the probate court in January 1856 ; and the record of the judgment, with the pleadings and the report of an auditor, in the action commenced in her behalf by the judge of probate, as set forth in the answer of John M. Atkinson. The declaration in this action alleged that said John M. Atkinson did not settle his accounts at the expiration of his trust, or pay over and deliver all the estate and effects remaining in his hands, and claimed the penalty of the bond. A specification of " the particulars of the demand in this action," which was filed therein, contained simply items of " Cash as per inventory and last accounts filed " and interest thereon. The auditor to whom the case was referred made a report, containing a statement of the account of John M. Atkinson, showing that besides the twelve shares in question there was due from him, in June 1861, the sum of $1149.39. The record of the judgment, after reciting that the auditor made a report, which was on file, stated that " the parties appeared, and by their consent judgment was rendered for the plaintiff against the said John M. Atkinson for the sum of $1132.50 damages ; " and that, the surety who was made a defendant in the action having died, a summons issued to his executors, one of whom afterwards made default, and judgment was accordingly rendered against him for the sum of $1155.83 damages. The competency of the auditor's report was objected to, but admitted *de bene esse.* It was admitted that the two single shares were issued as stock dividends upon the other ten shares.

The case was reserved for the determination of the whole court.

*C. Lamson,* for the plaintiff.

*J. W. Perry,* for the West Amesbury Manufacturing Company

*S. B. Ives, Jr.,* for the other defendants.

CHAPMAN, J. The object of the plaintiff's bill is to obtain a transfer of certain shares of the stock of the West Amesbury

Manufacturing Company, and payment of the dividends which have been declared thereon.

The defendant John M. Atkinson was guardian of four minor children, who are named in the bill, and as such guardian received, among other property, a certificate of ten shares of said stock on or about the 17th of February 1853, which expressed that he held it as guardian of said minors. In 1854 he received a certificate for one share, and in 1855 another certificate for one share. The last two certificates were issued as stock dividends upon the other ten shares, and did not express that he held them as guardian. On the 21st of October 1856 he was discharged from his guardianship, and the plaintiff was appointed as his successor. The defendant Joseph Atkinson was one of his sureties on his probate bond, and for the purpose of indemnifying him John M. delivered to him the certificate of ten shares, on the back of which he made an assignment of the shares to him. Joseph received it with full knowledge of all the facts. The other two shares were sold by John M. to the defendant Jackman, who purchased them in good faith, without notice of the guardianship, and for value. It is objected by the plaintiff that the assignment of the certificates to Jackman was void because it was not under seal. But by the provisions of *St.* 1846, *c.* 45, reënacted in Gen. Sts. *c.* 60, § 13, an instrument in writing is sufficient, without a seal. As the shares stood in the name of John M., without stating that he held them as guardian, Jackman is entitled to hold them, and the bill must be dismissed as to him, with costs.

The defendant John M. Atkinson sets up in bar of this suit a judgment which has been recovered against him on his probate bond. But the judgment was not rendered for the value of the shares in question in this suit, and therefore cannot be a bar to the suit.

As to the ten shares, of which the certificate was assigned to Joseph Atkinson, no authority had been obtained by John M. to transfer them, in conformity with Rev. Sts. *c.* 79, § 21, and the transfer of them was made without a license. But the certificate gave notice on its face, both to Joseph and the corporation,

that the shares were the property of the minors; and, upon the appointment of the plaintiff as guardian, she became entitled to have them transferred to her, and to the dividends which might be made on them. She was not a purchaser, within the meaning of the by-law set forth in the answer, and she could not present the certificate to be cancelled, because it was in the hands of Joseph, to whom John M. had assigned it wrongfully She is entitled to a decree against these parties for a transfer of these shares to her as guardian, and for the dividends which have accrued thereon, with costs.

The corporation does not appear to be in fault in respect to the two shares assigned to Jackman, and the plaintiff is entitled to a decree for their value against John M. Atkinson only.